# EXHIBIT 1

Notice and Acknowledgment of
Receipt of Summons and Complaint                    (10/12/18) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MAURICE STEVENS and KRYSTYNA HARE
individually and on behalf of all others similarly situated

| | |
|---|---|
| Plaintiff(s) | Case No. 2021 CH 00170 |
| vs. | |
| AMERICAN EAGLE OUTFITTERS, INC. and AE RETAIL | Defendant(s) |
| WEST, LLC and AE CORPORATE SERVICES CO. | Amount Claimed: $ |
| Defendant(s) | |

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

AE Retail West, LLC
c/o CT Corporation System
To: _____  Address: 208 S. LaSalle St., Suite 814
        (Name)

City: Chicago _____  State: IL   Zip: 60604

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within ____30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ____30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within ____60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on 01-14-2021

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

Notice and Acknowledgment of
Receipt of Summons and Complaint

(10/12/18) CCG 0063 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____ State: ____ Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
on which the request is sent, or 60 days if the defendant is addressed outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

Return Date: No return date scheduled
Hearing Date: 5/13/2021 9:30 AM - 9:30 AM
Courtroom Number: 2308
Location: District 1 Court
      Cook County, IL

FILED
1/13/2021 11:35 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00170

11814653

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MAURICE STEVENS and KRYSTYNA HARE, individually
and on behalf of all others similarly situated

(Name all parties)

v.

AMERICAN EAGLE OUTFITTERS, INC. and AE RETAIL
WEST, LLC and AE CORPORATE SERVICES CO.

Case No. **2021CH00170**

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

AE RETAIL WEST, LLC

To each Defendant: c/o CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 44086

Atty Name: The Fish Law Firm, P.C.

Atty. for: Plaintiff

Address: 200 E. 5th Ave., Suite 123

City: Naperville

State: IL   Zip: 60563

Telephone: 630-355-7590

Primary Email: docketing@fishlawfirm.com

Witness: 1/13/2021 11:35 AM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 1/13/2021 11:35 AM  2021CH00170

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 1/13/2021 11:35 AM   2021CH00170

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 5/13/2021 9:30 AM - 9:30 AM
Courtroom Number: 2308
Location: District 1 Court
    Cook County, IL

FILED
1/13/2021 11:35 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00170

11814653

FILED DATE: 1/13/2021 11:35 AM   2021CH00170

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

MAURICE STEVENS and KRYSTYNA
HARE, individually and on behalf of all others
similarly situated,

        *Plaintiffs,*

    v.

AMERICAN EAGLE OUTFITTERS, INC. and
AE RETAIL WEST, LLC and AE
CORPORATE SERVICES CO.

        *Defendants.*

Case No.: **2021CH00170**

### CLASS ACTION COMPLAINT

Plaintiff Maurice Stevens ("Stevens") and Krystyna Hare ("Hare") (collectively referred to as "Plaintiffs") bring this Class Action Complaint against Defendants American Eagle Outfitters, Inc. and AE Retail West, LLC and AE Corporate Services Co, collectively, "American Eagle" or "Defendants") to put a stop to their unlawful collection, use, and storage of Plaintiffs' and the putative Class members' sensitive biometric data. Plaintiffs, for Plaintiffs' Class Action Complaint, allege as follows upon personal knowledge as to Plaintiffs' own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1.    American Eagle Outfitters, Inc. (publicly traded as "AEO" on the NYSE) is a leading global specialty retailer offering high-quality, on-trend clothing, accessories and personal care products under its American Eagle® and Aerie® brands.  It operates more than 1,000 stores in the United States, Canada, Mexico, and Hong Kong, and ships to 81 countries worldwide

FILED DATE: 1/13/2021 11:35 AM 2021CH00170

through its websites.

2.      When employees first begin their jobs at American Eagle, they are required to scan their fingerprint in its biometric point-of-sale system as a means of authentication, instead of using only key fobs or other identification cards.

3.      While there are tremendous benefits to using biometric point of sale system in the workplace, there are also serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

4.      Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

5.      Despite this law, American Eagle disregarded its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the BIPA. Specifically, American Eagle has violated (and continues to violate) the BIPA because it did not:

- Properly inform Plaintiffs and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the Class's fingerprints, as required by the BIPA; nor

- Receive a written release from Plaintiffs or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by the BIPA.

6.      Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct

FILED DATE: 1/13/2021 11:35 AM 2021CH00170

violates the BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii) awarding liquidated damages to Plaintiffs and the proposed Class.

**PARTIES**

7.     Plaintiffs are natural persons and citizens of the State of Illinois.

8.     Defendant American Eagle Outfitters, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. It operates in part in Illinois through its indirect subsidiary AE Retail West, LLC which is a Delaware LLC with its principal place of business in Pennsylvania and AE Corporate Services Co. is a Delaware Corporation that has its principal place of business in Pennsylvania. AE Retail West, LLC and AE Corporate Services Co. each paid the Plaintiffs when they worked for American Eagle. The Defendants collectively operate 33 stores in Illinois including several in Cook County, Illinois.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and have committed tortious acts in Illinois.

10.     Venue is proper in Cook County because Defendant operates throughout this County and resides in Cook County within the meaning of 735 ILCS § 5/2-102(a).

**FACTUAL BACKGROUND**

**I.     The Biometric Information Privacy Act.**

11.     In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

3

FILED DATE: 1/13/2021 11:35 AM  2021CH00170

12.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third parties.

13.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

14.     The BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information.

FILED DATE: 1/13/2021 11:35 AM   2021CH00170

740 ILCS 14/15(b).

15.     BIPA specifically applies to employees who work in the State of Illinois. BIPA

defines a "written release" specifically "in the context of employment [as] a release executed by

an employee as a condition of employment." 740 ILCS 14/10.

16.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and

face geometry, and—most importantly here—fingerprints. *See* 740 ILCS 14/10. Biometric

information is separately defined to include any information based on an individual's biometric

identifier that is used to identify an individual. *See id.*

17.     The BIPA also establishes standards for how employers must handle Illinois

employees' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For

instance, the BIPA requires companies to develop and comply with a written policy—made

available to the public—establishing a retention schedule and guidelines for permanently

destroying biometric identifiers and biometric information when the initial purpose for collecting

such identifiers or information has been satisfied or within three years of the individual's last

interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

18.     Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored

provisions place no absolute bar on the collection, sending, transmitting or communicating of

biometric data. For example, the BIPA does not limit what kinds of biometric data may be

collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be

collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage

in that conduct must make proper disclosures and implement certain reasonable safeguards.

**II.     American Eagle Violates the Biometric Information Privacy Act.**

19.     By the time the BIPA passed through the Illinois Legislature in mid-2008, many

FILED DATE: 1/13/2021 11:35 AM 2021CH00170

companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumers' discomfort with the use of their biometric data.

20.     Unfortunately, American Eagle failed to take note of the passage of the BIPA. American Eagle continued to collect, store, and use its employees' biometric data in violation of the BIPA.

21.     Specifically, when employees worked at American Eagle, they are required to have their fingerprints scanned in order to enroll them in its fingerprint database.

22.     American Eagle uses an employee point-of-sale system that requires employees to use their fingerprints as a means of authentication. Unlike a traditional point-of-sale system, employees have to use their fingerprint to access American Eagle's sale system.

23.     American Eagle failed to inform its employees of the complete purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all.

24.     American Eagle similarly failed to provide its employees with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by the BIPA. An employee who leaves the company does so without any knowledge of when their biometric identifiers will be removed from American Eagle databases—or if they ever will be.

25.     The Pay By Touch bankruptcy that catalyzed the passage of the BIPA highlights why conduct such as American Eagle's —whose employees are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reasons they are doing

FILED DATE: 1/13/2021 11:35 AM  2021CH00170

so—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But American Eagle disregards these obligations, and instead unlawfully collects, stores, and uses its employees' biometric identifiers and information without proper consent.

26.    Ultimately, American Eagle disregards its employees' statutorily protected privacy rights by violating the BIPA.

## FACTS SPECIFIC TO PLAINTIFFS

27.    Plaintiffs worked for American Eagle in Illinois.

28.    As an employee, American Eagle required Plaintiffs to scan Plaintiffs' fingerprints so that it could use it as an authentication method. American Eagle subsequently stored Plaintiffs' fingerprint data in its databases.

29.    American Eagle never informed Plaintiffs of the specific limited purposes or length of time for which it collected, stored, or used fingerprints.

30.    Similarly, American Eagle never informed Plaintiffs of any biometric data retention policy it developed, nor whether it will ever permanently delete fingerprints.

31.    Plaintiffs never signed a written release allowing American Eagle to collect or store fingerprints.

32.    Plaintiffs have continuously and repeatedly been exposed to the risks and harmful conditions created by American Eagle violations of the BIPA alleged herein.

33.    Plaintiffs now seek liquidated damages under BIPA as compensation for the injuries American Eagle has caused.

FILED DATE: 1/13/2021 11:35 AM   2021CH00170

## CLASS ALLEGATIONS

34.     **Class Definition**: Plaintiffs brings this action pursuant to 735 ILCS 5/2-801 on behalf of Plaintiffs and a Class of similarly situated individuals, defined as follows:

> All persons who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois.

The following people are excluded from the Class: (1) any Judge presiding over this action and members of their families; (2) American Eagle, American Eagle's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35.     **Numerosity**: The exact number of Class members is unknown to Plaintiffs at this time, but it is clear that individual joinder is impracticable. American Eagle has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> a) whether Defendants collected, captured, or otherwise obtained Plaintiffs' and the Class' biometric identifiers or biometric information;
>
> b) whether Defendants properly informed Plaintiffs and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric

FILED DATE: 1/13/2021 11:35 AM 2021CH00170

information;

c) whether Defendants obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs and the Class' biometric identifiers or biometric information;

d) whether Defendants have sold, leased, traded, or otherwise profited from Plaintiffs and the Class's biometric identifiers or biometric information;

e) whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

f) whether Defendants comply with any such written policy (if one exists); and

g) whether Defendants used Plaintiffs and the Class' fingerprints to identify them.

37.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

38.     **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by American Eagle's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from American Eagle's misconduct. Even if members of the Class could

9

FILED DATE: 1/13/2021 11:35 AM  2021CH00170

sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in their Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## CAUSE OF ACTION
### Violation of 740 ILCS 14/1, *et seq.*
### <u>(On Behalf of Plaintiffs and the Class)</u>

39.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40.     The BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information...." 740 ILCS 14/15(b) (emphasis added).

41.     The BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and—importantly—deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.,* when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually

FILED DATE: 1/13/2021 11:35 AM 2021CH00170

delete the biometric information. *See* 740 ILCS 14/15(a).

42.     Unfortunately, American Eagle fails to comply with these BIPA mandates.

43.     American Eagle qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

44.     Plaintiffs and the Class are individuals who had their "biometric identifiers" collected by American Eagle (in the form of their fingerprints), as explained in detail in Section II. *See* 740 ILCS 14/10.

45.     Plaintiffs and the Class' biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

46.     American Eagle violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiffs and the Class before it collected, used, and stored their biometric identifiers and biometric information.

47.     American Eagle violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiffs and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

48.     American Eagle violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiffs and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used.

49.     American Eagle violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information.

50.     By collecting, storing, and using Plaintiffs' and the Class' biometric identifiers and biometric information as described herein, American Eagle violated Plaintiffs' and the Class'

FILED DATE: 1/13/2021 11:35 AM 2021CH00170

rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et seq.*

51.     On behalf of themselves and the Class, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the Class by requiring Defendant's to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages for each of Defendant's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully request that the Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class Counsel;

B.     Declaring that Defendant's actions, as set out above, violate the BIPA;

C.     Awarding statutory damages for each of Defendant's violations of the BIPA, pursuant to 740 ILCS 14/20;

D.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

F.     Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

G.     Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent

allowable; and

      H.     Awarding such other and further relief as equity and justice may require.

Dated: January 13, 2021

Respectfully submitted,

**Maurice Stevens and Krystyna Hare, individually and on behalf of all others similarly situated,**

By: /s/ David Fish
          One of Plaintiffs' Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
docketing@fishlawfirm.com

FILED DATE: 1/13/2021 11:35 AM   2021CH00170

13

Return Date: No return date scheduled
Hearing Date: 3/16/2021 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
1/14/2021 10:35 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00170

11831006

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

MAURICE STEVENS and KRYSTYNA HARE
individually and on behalf of all others similarly
situated,

        *Plaintiffs,*

        v.

AMERICAN EAGLE OUTFITTERS, INC. and
AE RETAIL WEST, LLC and AE
CORPORATE SERVICES CO.,

        *Defendants.*

Case No.: 2021 CH 00170

---

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Maurice Stevens ("Stevens") and Krystyna Hare ("Hare") (collectively referred to as "Plaintiffs") alleges that Defendants American Eagle Outfitters, Inc. and AE Retail West, LLC and AE Corporate Services Co, collectively, "American Eagle" or "Defendants") systematically violated the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* This case is well-suited for class certification under 735 ILCS 5/2-801. Specifically, Plaintiffs seek to certify a class consisting of hundreds of former and current similarly-situated employees who worked for Defendants that had their fingerprints unlawfully collected, captured, received, otherwise obtained, or disclosed by Defendants during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiffs' claims, and the claims of similarly-situated individuals, all arise from Defendants' uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified.

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

## I.   **RELEVANT BACKGROUND**

Major national corporations started using locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

(1)   Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

(2)   Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3)   Receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b).

Although there may be benefits with using biometrics in the workplace, there are also serious risks. Unlike ID badges– which can be changed or replaced if stolen or compromised – fingerprints are a unique, permanent biometric identifier associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has ***no*** means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example,

2

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

if a biometric database is hacked, breached, or otherwise exposed – as in the recent Equifax, Home Depot, Google+ and Facebook/Cambridge Analytica data breaches– individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. Recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

## A. Factual Allegations

Plaintiffs filed this class action against Defendants to redress Defendants' unlawful collection, use, storage, and disclosure of Illinois employees' biometric information under BIPA. In this Class Action Complaint, Plaintiffs provided detailed allegations that Illinois employees who use Defendants' technology as a condition of employment were, and continue to be, universally required to scan their fingerprints for enrollment in an employee database(s) as a requirement of their employment, but are not: (1) informed in writing of the purpose(s) and length of time for which fingerprint data is being collected, stored, used, and disseminated by Defendant; (2) provided a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendant; and (3) provided (nor did it execute) a written release for Defendant, as required by BIPA. *See* Compl. ¶¶ 20-24, 27-33.41-52.

Plaintiffs were required to use Defendants' biometric device during their work for Defendant. *Id.* ¶¶ 2,21. As a condition of employment, Plaintiffs were required to scan their fingerprints each time they accessed the point-of-sale system as a means of authentication. *Id.* Plaintiffs were required to scan their fingerprints each time they accessed Defendants' biometric device. *Id.* However, Defendants failed and continue to fail to inform Illinois employees, including Plaintiffs, of the extent of the purposes for which it collects individuals' sensitive biometric data

3

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

or to whom the data is disclosed. *Id.* ¶¶5, 23-24. Defendants similarly failed to provide Illinois employees, including Plaintiffs, with a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying individuals' fingerprint data when the initial purpose for collecting or obtaining their fingerprint is no longer relevant, as required by BIPA. *Id.* ¶¶23-24, 42-43. Illinois employees, including Plaintiffs, have no knowledge when they leave the company of when – if ever – their biometric identifiers will be removed from Defendants' database(s). *Id.*

Illinois workers are not told what might happen to their biometric data if and when Defendants merge with another company or, worse, if and when Defendants' entire businesses fold. Since Defendants neither publishe a BIPA-mandated data retention policy nor disclose the purposes for their collection of biometric data, Illinois employees, including Plaintiffs, have no idea whether Defendants sells, discloses, re-discloses, or otherwise disseminates their biometric data. Nor are Illinois employees told to whom Defendants currently discloses their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. Finally, Defendants never secured a written release executed by any of Illinois' employees, including Plaintiffs, permitting it to collect, store, use, and disseminate employees' biometric data, as required by BIPA. *Id.* ¶¶ 5, 32, 41-43.

Accordingly, Defendants' practices violated BIPA. As a result of Defendants' violations, Plaintiffs and similarly-situated individuals were subject to Defendants' common and uniform policies and practices and were victims of its scheme to unlawfully collect, store, use, and disseminate Illinois employees' biometric data in direct violation of BIPA. Plaintiffs now seek class certification for the following similarly-situated individuals, defined as:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendants while residing in Illinois.

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

Given Defendants' standard practices defined above and the straightforward and common legal questions presented in this case, Plaintiffs now move for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before Defendants have responded. For the reasons discussed herein, Plaintiffs' request should be granted.

## II.   STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1) the class is so numerous that a joinder of all members is impracticable;

(2) there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3) the representative parties will fairly and adequately protect the interest of the class; and

(4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

### III.   ARGUMENT

Plaintiffs' claims here are especially suited for class certification because Defendants treated all Illinois employees identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful collection, storage, use, and dissemination of their biometric data that was required as a condition of employment throughout the class period. Plaintiffs meet each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A.   The Class Is So Numerous That Joinder of All Members Is Impracticable.

Numerosity is not dependent on a plaintiffs setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiffs meet the numerosity requirement as Defendants employs hundreds of Illinois workers who were subjected to the same policy. The class of potential plaintiffs is sufficiently large to make joinder impracticable.  As a

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

result of Defendants' violations of BIPA, Plaintiffs and all similarly situated individuals were subjected to Defendants' common and uniform policies and practices and were victims of Defendants' scheme to unlawfully collect, store, use, and disseminate their extremely personal and private biometric data in direct violation of BIPA. The precise number in the class cannot be determined until discovery records are obtained from Defendants. Nevertheless, class membership can be easily determined by reviewing Defendants' records and those of its customers. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over Defendants' objection that "the proposed class was not ascertainable, because the process of reviewing Defendants' transaction files to determine class membership would be burdensome"). Once Defendants' records are obtained, the Court will know the precise number of persons affected.

Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. A class action would help ensure that Plaintiffs and all other similarly-situated individuals have a means of redress against Defendants for their widespread violations of BIPA.

**B.** **Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Id.* at 773. As stated by the Court of Appeals, the question is

7

will "common . . . issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes." Common questions of law or fact are typically found to exist when "the claims of the individual class members are based upon the common application of a statute or where the proposed class members are aggrieved by the same or similar conduct or a pattern of conduct." *Bueker v. Madison Cty.*, 2016 IL App (5th) 150282, ¶ 27; *McCarthy v. LaSalle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

At the heart of this litigation is Defendants' culpable conduct under BIPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendants disregarded the statutorily-protected privacy rights of Plaintiffs and other similarly-situated individuals and unlawfully collected, stored, used, and disseminated their biometric data in direct violation of BIPA. Specifically, Defendants have violated and continues to violate BIPA because it failed and continues to fail to: (1) inform Plaintiffs or the putative class in writing of the specific purpose(s) and length of time for which their fingerprints were being collected, stored, used, and disseminated as required by BIPA; (2) provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the putative class' fingerprints, as required by BIPA; and (3) receive a written release from Plaintiffs or the putative class to collect, capture, use, otherwise obtain or disseminate their fingerprints, as required by BIPA. Defendants treated the entire proposed class in precisely the same manner, resulting in identical violations of BIPA. These common practices create common issues of law and fact. In fact, the legality of Defendants' collection, storage, use, and dissemination of Illinois employees' biometric data is the focus of this litigation.

FILED DATE: 1/14/2021 10:35 AM    2021CH00170

Indeed, once this Court determines whether Defendants' practices of collecting, storing, and using individuals' biometric data without adhering to the specific requirements of BIPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one claimant would be proof as to all members of the class. This alone establishes predominance. The only remaining questions will be whether Defendants' violations caused members of the class to suffer damages and the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. Accordingly, a favorable adjudication of the Plaintiffs' claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

### C. The Named Plaintiffs And Class Counsel Are Adequate Representatives Of The Class.

When evaluating adequacy, courts look to whether the named plaintiffs have the same interests as those of the class and whether they will fairly represent them. *See CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 16. In this case, Plaintiffs' interest arises from statute. The class representative is a member of the proposed class and will fairly and adequately protect the class' interests. Plaintiffs, as a condition of employment, was required to have their fingerprints scanned by one of Defendants' biometric devices. Defendants subsequently stored Plaintiffs' fingerprints in its database(s). Plaintiffs has never been informed of the specific limited purposes (if any) or length of time for which Defendants collected, stored, used, or disseminated their biometric data. Compl. ¶¶5,30,48. Plaintiffs have never been informed of any biometric data retention policy developed by Defendants, nor have they ever been informed whether Defendants will ever permanently delete their fingerprints. Finally, Plaintiffs have never been provided, nor did they

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

ever sign, a written release allowing Defendants to collect, store, use, or disseminate their fingerprints. Thus, Plaintiffs were victims of the same uniform policies and practices as the individuals they seek to represent and is not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiffs have the interests of those class members in mind, as demonstrated by their willingness to sue on a class-wide basis and step forward as the class representatives, which subjects them to discovery.

Proposed Class Counsel, The Fish Law Firm PC will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. The Fish Law Firm, P.C. has extensive experience in class action litigation and its attorneys have been appointed class counsel on numerous occasions; they also are involved in more than a dozen cases involving biometric privacy violations. (See Exhibit A.)  Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

### D. A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a Defendants is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiffs' claim stems from Defendants' common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent

judgments concerning Defendants' practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens, if not hundreds, of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

    **E.**    **The Court Should Allow Supplemental And Deferred Briefing Following Discovery.**

Defendants' practices and policies are uniform. Plaintiffs believe that the present Motion should be supplemented based upon very limited initial discovery. Plaintiffs are moving as early as possible for class certification in part to avoid the "buyoff problem," which occurs when a Defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiffs are also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiffs' full arguments are set forth based on the facts known at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

    **IV.**    **Conclusion**

For the reasons stated above, Plaintiffs respectfully request that the Court enter an Order: (1) certifying Plaintiffs' claims as a class action; (2) appointing Plaintiffs as Class Representatives;

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

(3) appointing The Fish Law Firm, P.C. as Class Counsel; and (4) authorizing court-facilitated

notice of this class action to the class. In the alternative, this Court should allow discovery, allow

Plaintiffs to supplement this briefing, and defer response and reply briefs.


Date: January 14, 2021                                 Respectfully Submitted,

                                              By: /s/ Mara Baltabols
                                              One of Plaintiff's Attorneys


                                              David Fish
                                              dfish@fishlawfirm.com
                                              Mara Baltabols
                                              mara@fishlawfirm.com
                                              THE FISH LAW FIRM, P.C.
                                              200 East Fifth Avenue, Suite 123
                                              Naperville, Illinois 60563
                                              Tel: 630.355.7590
                                              Fax: 630.778.0400
                                              Cook Cnty #: 44086
                                              docketing@fishlawfirm.com

FILED DATE: 1/14/2021 10:35 AM    2021CH00170

# Exhibit A

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

## DECLARATION OF DAVID J FISH

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true:

1.      I am an attorney admitted to practice before the Supreme Court of the State of Illinois. I am entering this declaration in support of Plaintiffs' Motion for and Memorandum in Support of Class Certification. This declaration is based upon my personal knowledge except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2.      I am the founder of The Fish Law Firm, P.C.

3.      I graduated #2 in my law school class from Northern Illinois University College of Law in 1999.  Prior to starting my own firm, I was employed by other law firms engaged in litigation in and around Chicago, Illinois including, Jenner & Block in Chicago as a summer associate, Klein, Thorpe & Jenkins in Chicago as an associate and The Collins Law Firm, P.C. as an associate.

4.      I have extensive experience representing employees and employers in labor and employment disputes. I have handled disputes with the Illinois Department of Labor, the United States Department of Labor, the Illinois Department of Human Rights, the National Labor Relations Board, the Equal Employment Opportunity Commission, and in the state and federal courts in Illinois.  I have litigated dozens of cases in the United States District Court for the Northern District of Illinois.

1

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

5.     I am the former chair of the DuPage County Bar Association's Labor and Employment Committee and served on the Illinois State Bar Association's Labor and Employment Committee Section Council. I also am a member of the National Employment Lawyers Association.

6.     I have, on several occasions, lectured at educational seminars for lawyers and other professionals. I moderated a continuing legal education panel of federal magistrates and judges on the Federal Rules of Civil Procedure through the Illinois State Bar Association. I have presented on electronic discovery rules and testified before the United States Judicial Conference in Dallas, Texas regarding electronic discovery issues. I have provided several CLE presentations on issues relating to labor and employment law.

7.     I have authored, or co-authored, many articles, including: "Enforcing Non-Compete Clauses in Illinois after Reliable Fire", Illinois Bar Journal (April 2012); "Top 10 wage violations in Illinois", ISBA Labor and Employment Newsletter (August, 2017); "Physician Non-Complete Agreements in Illinois: Diagnosis—Critical Condition; Prognosis- Uncertain" DuPage County Bar Journal (October 2002); "Are your clients' arbitration clauses enforceable?" Illinois State Bar Association, ADR Newsletter (October 2012); "The Legal Rock and the Economic Hard Place: Remedies of Associate Attorneys Wrongfully Terminated for Refusing to Violate Ethical Rules", Univ. of W. Los Angeles Law Rev. (1999); "Zero-Tolerance Discipline in Illinois Public Schools" Illinois Bar Journal (May 2001); "Ten Questions to Ask Before Taking a Legal-Malpractice Case" Illinois Bar Journal (July 2002); "The Use Of The Illinois Rules of Professional Conduct to Establish The Standard of Care In Attorney Malpractice Litigation: An Illogical Practice", Southern Illinois Univ. Law Journal (1998); "An Analysis of

2

FILED DATE: 1/14/2021 10:35 AM 2021CH00170

Firefighter Drug Testing under the Fourth Amendment", <u>International Jour. Of Drug Testing</u> (2000); "<u>Local Government Web sites and the First Amendment</u>", <u>Government Law</u>, (November 2001, Vol. 38).

8. Some examples of class, collective, and/or employment litigation in which I have served as a lawyer include:

a. *Larson v. Lennox Industries*, 2013 WL 105902 (N.D. Ill, 12 c 2879)(conditional certification granted in FLSA action alleging that store managers were misclassified as exempt from receiving overtime pay).

b. *Nelson v. UBS Global Management*, No. 03-C-6446, 04 C 7660 (N. D. Ill.)(ERISA class action on behalf of thousands of BP Amoco employees who had Enron debt purchased as part of their money market fund; recovery of approximately $7 million).

c. *Sotelo v. DirectRevenue*, No. 05-2562 (N.D. Ill. filed Apr. 29, 2005)(class action alleging that company placed "spyware" on consumers' computers; resulted in a settlement that mandated significant disclosures to computer users before unwanted software could by placed on their computers, see also Julie Anderson, *Sotelo v. Directrevenue, LLC: Paving the Way for Spyware-Free Internet*, 22 Santa Clara High Tech. L.J. 841 (2005).

d. *Franzen v. IDS Futures Corporation,* 06 CV 3012 (N. D. Ill. 2006)(recovery of millions of dollars for more than 1,000 limited partners in an investment fund that lost value as a result of the Refco bankruptcy).

e. *Pope v. Harvard Bancshares*, 06 CV 988, 240 F.R.D 383 (N. D. Ill. 2006)(class action recovery of $1.3 million for former shareholders of community bank who had stock repurchased in a reorganization).

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

f.      *Pietrzycki v. Heights Tower Serv., Inc.,* 197 F. Supp. 3d 1007 (N.D. Ill. 2016)(finding Fish appropriate to represent Class in wage and hour claims relating to overtime).

g.      *Schrock v. Wenner Media LLC*, et al, 10-cv-7230 (defended marketing company in putative nationwide class action alleging violations of TCPA for unsolicited text message marketing; our client dismissed from case voluntarily without payment).

h.      *G.M. Sign Inc. v. Pastic-Mach Corporation*, 12-cv-3149 and 10-cv-7854 (defended putative nationwide class action alleging violations of TCPA for unsolicited junk faxes, both cases dismissed without payment by client).

i.      *Ismael Salam v Nationwide Alarm LLC*, 14-cv-1720 (defended putative nationwide class action alleging violations of TCPA for unsolicited calls to cellular telephone; our client dismissed with prejudice voluntarily without payment).

j.      *Cope v. Millhurst Ale House of Yorkville, Inc.* 14-cv-9498 (collective action for FLSA claims settled on collective basis).

k.      *Girolamo v. Community Physical Therapy & Associates, Ltd*, 15-cv-2361 (alleging claims under FLSA, IMWL, IWPCA).

l.      *Jones et al v. Sistar Beauty Corporation*, 15-cv-3359 (collective action alleging FLSA and class action alleging Illinois Minimum Wage Law "IMWL" claims; final judgment entered).

m.      *Magallan v. Pancho's Family Restaurant, LLC*, 15-cv-5578 (defending FLSA and IMWL claims).

n.      *Mello et al v. Krieger Kiddie Corporation*, 15-cv-5660 (collective and putative class action alleging claims under FLSA, IMWL, IWPCA).

o.      *Lampley v. Aryaani dba Subway*, 15-cv-9332 (collective action alleging claims under FLSA, IMWL, IWPCA).

4

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

   p. *Kalechstein v. Mehrdad Abbassian*, M.D., P.C., 15-cv-5929 (defending IWPCA claims).

   q. *Barker et al v. Septran, Inc*, 15-cv-9270 (IMWL and putative collective claims under the FLSA and IWPCA).

   r. *Simpkins v. DuPage Housing Authority,* 15-cv-9103 (includes claims under FLSA and IMWL).

   s. *Day v. Stockton Construction Group, LLC*, 15-cv-5884 (collective claims brought under FLSA, IMWL, and IWPCA).

   t. *Wehrle v. Midwest Sleep Associates, LLC*, 15-cv-4397 (collective action complaint alleging claims under FLSA and IMWL).

   u. *Sharples et al v. Krieger Kiddie Corporation*, 2013 CH 25358 (Cir. Court Cook County) (Illinois Wage Payment and Collection Act IWPCA class action claims; final approval of class wide settlement).

   v. *Wendell H. Stone Co. v. Metal Partners Rebar, 16-cv-8285* (defending TCPA class action).

   w. *Barker v. Septran,* 15-cv-9270 (Rule 23 IWPCA claim for vacation forfeiture and separate FLSA claims for overtime).

   x. *Andrews v. Rockford Process Control, Inc.*, 3:17-cv-50171 (class and collective claims brought under the FLSA and the IMWL).

   y. *Kusinski v. MacNeil Automotive Products Limited*, 17-cv-03618 (class and collective claims under the FLSA and the IMWL; final approval of class settlement entered);

   z. *Grace v. Brickstone*, 17-cv-7849 (class and collective claims under the FLSA, IMWL, and IWPCA; final approval of class settlement).

FILED DATE: 1/14/2021 10:35 AM   2021CH00170

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed this 8th day of February, 2019 at Naperville, Illinois.

/s/ David J. Fish

David J. Fish

Return Date: No return date scheduled
Hearing Date: 3/16/2021 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
1/14/2021 11:44 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00170

11833535

MAURICE STEVENS and KRYSTYNA
HARE individually and on behalf of all others
similarly situated,

        *Plaintiff,*

    v.

AMERICAN EAGLE OUTFITTERS, INC. and
AE RETAIL WEST, LLC and AE
CORPORATE SERVICES CO.

        *Defendant.*

Case No.: 2021 CH 00170

FILED DATE: 1/14/2021 11:44 AM   2021CH00170

## NOTICE OF MOTION

To:    AMERICAN EAGLE OUTFITTERS, INC. and AE RETAIL WEST, LLC and AE
       CORPORATE SERVICES CO., c/o CT Corporation System
       208 S. LaSalle St., Suite 814, Chicago, IL 60604

    PLEASE TAKE NOTICE that on **March 16, 2021 at 10:00 am**, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Presiding in Courtroom 2308 of the Richard J. Daley Center, 50 West Washington, Chicago, Illinois to present the **Plaintiff's Motion for Class Certification**, a copy of which is attached hereto and hereby served upon you.

Dated: January 14, 2021

                    Respectfully submitted,

                    **MAURICE STEVENS and KRYSTYNA HARE,**
                    **individually and on behalf of all others similarly situated.**

              By:    /s/   Mara Baltabols
                      One of its Attorneys

THE FISH LAW FIRM, P.C.
200 E 5th Ave., Suite 123
Naperville, IL 60563
(630) 355-7590
admin@fishlawfirm.com
Cook County Atty No. 44086

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MAURICE STEVENS and KRYSTYNA HARE, individually and on behalf of all others similarly situated,**<br><br>            Plaintiffs,<br><br>        v.<br><br>**AMERICAN EAGLE OUTFITTERS, INC. and AE RETAIL WEST, LLC and AE CORPORATE SERVICES CO.,**<br><br>            Defendants. | Case No.<br><br>Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2021 CH 00170 |

## DECLARATION OF JENNIFER MIELE

COMES NOW Jennifer Miele, and, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.      I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed. Such corporate records are maintained in the regular course of business.

3.      I am employed by American Eagle Outfitters, Inc. ("AEO") as Vice President, Human Resources – Commercial. I have been with AEO since May 2013. In my role, I am familiar with AEO and its employees, personnel records, and sales practices.

4.      AEO is a corporation formed under the laws of the State of Delaware. Its principal place of business is in Pittsburgh, Pennsylvania.

5.      AE Retail West, LLC is a limited liability company formed under the laws of the State of Delaware. Its sole member is AEO, which is a citizen of Delaware and Pennsylvania.

6.      AE Corporate Services Co. is a corporation formed under the laws of the State of Delaware. Its principal place of business is in Pittsburgh, Pennsylvania.

7.      AEO is a leading global specialty retailer offering high-quality, on-trend clothing, accessories, and personal care products at affordable prices under its American Eagle and Aerie brands.

8.      AEO's records reflect that Plaintiff Maurice Stevens worked for AEO from approximately November 2019 to December 2020 at its location in the Fox Valley Mall in Aurora, Illinois.

9.      AEO's records reflect that Plaintiff Krystyna Hare worked for AEO from approximately October 2018 to December 2020 at its locations in (1) the Fox Valley Mall in Aurora, Illinois, (2) Chicago Ridge Mall in Chicago Ridge, Illinois, and (3) the Woodfield Mall in Schaumburg, Illinois.

10.     Beginning on various dates in 2015, AEO began using a point of sale system at its locations that scanned a portion of the employee's fingertip. AEO's records reflect that over 1,000 AEO employees in Illinois used the point of sale system that scans a portion of the employee's fingertip since January 13, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _23_ rd day of February 2021.


_____
Jennifer Miele

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MAURICE STEVENS and KRYSTYNA HARE, individually and on behalf of all others similarly situated,** | |
| | Case No. |
| Plaintiffs, | |
| | Removed from the State of Illinois, |
| | Circuit Court of Cook County, |
| v. | Case No. 2021 CH 00170 |
| | |
| **AMERICAN EAGLE OUTFITTERS, INC. and AE RETAIL WEST, LLC and AE CORPORATE SERVICES CO.,** | |
| | |
| Defendants. | |

## NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

To:     David Fish
        Mara Baltabols
        The Fish Law Firm, P.C.
        200 East Fifth Avenue, Suite 123
        Naperville, Illinois 60563

PLEASE TAKE NOTICE that on February 24, 2021, Defendants American Eagle Outfitters, Inc., AE Retail West, LLC, and AE Corporate Services Co., by and through their attorneys, Littler Mendelson, P.C., filed their Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of Cook County, Case No. 2020 CH 00170. A copy of that Complaint was filed with the Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

*Signature page follows*

Dated: February 24, 2021                    Respectfully Submitted,


                                            */s/ Orly Henry* _____


Kwabena Appenteng, ARDC #6294834
*kappenteng@littler.com*
Orly Henry, ARDC #6306153
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on February 24, 2021:

David Fish
*dfish@fishlawfirm.com*
Mara Baltabols
*mara@fishlawfirm.com*
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563

*/s/ Orly Henry*
One of Defendants' Attorneys

# EXHIBIT 4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| **MAURICE STEVENS and KRYSTYNA HARE, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**AMERICAN EAGLE OUTFITTERS, INC. and AE RETAIL WEST, LLC and AE CORPORATE SERVICES CO.,**<br><br>Defendants. | Case No. 2021 CH 00170 |

## DEFENDANTS' NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on February 24, 2021, Defendants American Eagle Outfitters, Inc., AE Retail West, LLC, and AE Corporate Services Co., by and through their attorneys, Littler Mendelson, P.C., filed a Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of the Notice of Removal is attached as Exhibit A.

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal of this Action in accordance with 28 U.S.C. § 1446(d).

*Signature page follows*

Dated:  February 24, 2021                          Respectfully Submitted,


                                                   */s/ Orly Henry*_____

Kwabena Appenteng, ARDC #6294834
*kappenteng@littler.com*
Orly Henry, ARDC #6306153
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on February 24, 2021:

David Fish
*dfish@fishlawfirm.com*
Mara Baltabols
*mara@fishlawfirm.com*
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563

*/s/ Orly Henry*
One of Defendants' Attorneys