IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE STEVENS and KRYSTYNA HARE individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN EAGLE OUTFITTERS, INC. and AE RETAIL WEST, LLC and AE CORPORATE SERVICES CO.,<br><br>*Defendants*. | Case No.: 21-cv-01062<br><br>Hon. Charles P. Kocoras<br><br>Mag. Judge Maria Valdez |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND DISMISS COMPLAINT AS TO PLAINTIFF MAURICE STEVENS**

**I.     Defendants Cannot Compel Arbitration Because Plaintiff Stevens Did Not Agree To Arbitrate Disputes.**

Defendants claim that one, but not both, of the Named Plaintiffs in this putative class action agreed to arbitrate their claim. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "requires judicial enforcement of a wide range of written arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). Still, "before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (citing 9 U.S.C. § 2). If the court finds that there is a factual dispute as to whether an agreement for arbitration exists, the FAA provides "shall proceed to trial" of that question. 9 U.S.C. § 4; *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 751 (7th Cir. 2017).

As such, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); 9 U.S.C. § 4; *Gen. Ass'n of Regular Baptist Churches v. Scott*, 549 Fed. Appx. 531, 533 (7th Cir. 2013)(without sufficient evidence, a court properly denies a motion to compel arbitration).

"The procedure to determine whether a factual dispute as to any of these elements precludes compelled arbitration mirrors summary judgment analysis." *Pearson v. United Debt Holdings, LLC*, 123 F. Supp. 3d 1070, 1073 (N.D. Ill. 2015) (citing *Tinder v. Pinkerton Security,* 305 F.3d 728, 735 (7th Cir.2002)). "The Court cannot compel arbitration solely based on [a defendant's] evidence [when a plaintiff] has responded with his own, sworn affidavit that specifically denies" that an agreement was accepted. *Warren v. Meijer*, 16 C 4706, 2017 WL 3087724, at *3 (N.D. Ill. July 20, 2017); *Muhammad v. Tree,* 18 C 04192, 2020 WL 1530750, at *4 (N.D. Ill. Mar. 31, 2020)("when the plaintiff submits an affidavit in which he denies receiving a [the agreement then this] creates a genuine issue as to whether parties actually entered into the Arbitration Agreement."); *Malone v. Hoogland Foods, LLC*, 19-CV-891-WMC, 2020 WL 6158201, at *7 (W.D. Wis. Oct. 21, 2020).

There plainly is a factual dispute in this case. Defendants claim on one hand that "Stevens signed a voluntary and mutual Dispute Resolution Program agreement" [Doc. 15, p.1]. Stevens, however, declares under oath that "I did not sign [the Dispute Resolution Program agreement] either in person or electronically." (Exhibit A). Plaintiff further disputes ever seeing the "Dispute Resolution Program" or the "Acknowledgement" prior to this case. *Id.* This is enough to create a triable issue of fact. *See Tree,* 2020 WL 1530750, at *4 (finding a triable issue of fact where

plaintiff testified that she does not remember receiving or executing an arbitration agreement) (Hon. Jorge Alonso).

Furthermore, the Miele Declaration attached to the Defendants' Motion should stricken. She claims that "Stevens was presented with a document entitled the Dispute Resolution Program" and that he "electronically signed" it. Yet, Miele certainly does not have personal information of this. Stevens testified that he has not met Miele and therefore Miele's testimony is based entirely upon hearsay or speculation. (Exhibit A)

Miele is the Vice President of Human Resources of an organization that had 760 locations. [Doc. #15 par. 1] While she can certainly testify that the Defendants' business records reflect that the document was signed, she cannot testify that Stevens in fact signed this document or was "presented" with a copy of it. *See Van Tassel v. United Mkrg. Grp. LLC*, 795 F. Supp. 2d 770, 788-89 (N.D. Ill. July 5, 2011) (denying motion to compel where defendant relied on electronic evidence of agreement, but plaintiffs denied viewing or accepting the agreement). Miele does not even say she has ever met Plaintiff, been to the store where he worked, or that the IP address that is referenced in the Declaration belongs to Stevens. She does not testify that she has personal knowledge of the reliability of the computer system from which the archived computer documents were retrieved. *See Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (finding that the district court reasonably required authentication by someone with knowledge of reliability of the computer system from which the screenshots were retrieved). As there is a factual dispute, this matter must be resolved through a trial.

**II.    Alternatively, Stevens Can Maintain His Claim For Preliminary Injunctive Relief In Court.**

Even if otherwise enforceable, the Defendants' request should be denied to the extent that Plaintiff Stevens seeks injunctive relief because the parties agreed to exclude that from the scope

3

of the arbitration agreement. In the Class Action Complaint, Stevens seeks injunctive relief, including "to put a stop to [Defendants'] unlawful collection, use and storage of" his biometric information and to enter injunctive relief necessary to protect biometric information and to comply with BIPA. [Doc. #1-1, pp. 7, 18]

The Defendants' "Dispute Resolution Program" explicitly carves out several "Claims Not Covered by The Program" [Doc. #15, p. 104]. Including within the scope of excluded claims are requests for preliminary injunctive relief relating to the protection of confidential information. Specifically, it states:

> The parties may also pursue temporary and/or preliminary injunctive relief in a court of competent jurisdiction — because the award to which the party may be entitled in arbitration may be rendered ineffectual without such relief. Examples of such claims, without limitation, are tortious interference with prospective employment, the protection of confidential information, trade secret violations, prevention of unfair competition or enforcement of post-employment contractual restrictions related to same; provided, however, that all issues of final relief shall continue to be decided through arbitration, and the pursuit of the temporary and/or preliminary injunctive relief described herein shall not constitute a waiver of the parties' agreement to arbitrate by any party.

Supreme Court precedent provides that courts "should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 531 (2019) (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).

Court generally apply state-law principles governing the formation of contracts to determine whether the parties agreed to arbitrate a certain matter. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration). "[A]rbitration is a matter of contract and a party

4

cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Duthie v. Matria Healthcare, Inc.*, 540 F.3d 533, 536 (7th Cir. 2008).

Defendants improperly collected the biometric data at issue. To this day, Plaintiff has no reason to think the Defendants do not still possess the biometric data of Plaintiff Stevens. He is very concerned that it was disclosed to third parties. The improper maintenance of biometric information has already been found to potentially cause irreparable harm which is specifically the carve out allowed under the forced arbitration program. *See Sekura v. Krishna Schaumburg Tan, Inc.,* 2018 IL App (1st) 180175, ¶ 70, 115 N.E.3d 1080, 1095, *appeal denied,* 119 N.E.3d 1034 (Ill. 2019) (noting that "disclosure can create irreparable harm").

Indeed, the Illinois General Assembly in the BIPA specifically recognized this risk when it codified BIPA's purpose:

> "Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised**, the individual has no recourse**, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5 (emphasis added)

In *Snyder v. Ocwen Loan Servicing, LLC*, 258 F. Supp. 3d 893, 914 (N.D. Ill. 2017), involving a TCPA lawsuit, Judge Kennelly found that "class members would suffer irreparable harm to their privacy interests should Ocwen continue to contact them using unlawful means." The same reasoning applies here. Plaintiff Stevens will suffer irreparable harm to his privacy interest should Defendants continue to possess or disclose their biometric data. This case involves allegations sufficient to demonstrate the potential for irreparable harm from disclosure, beyond a mere procedural violation. *See Patel v. Facebook Inc.,* 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018) (due to the sensitive nature of biometric data abrogation of BIPA procedural rights is "worlds away from the trivial harm of a mishandled zip code or credit card receipt."); *Patel v.*

5

*Facebook, Inc.*, 932 F.3d 1264, 1275 (9th Cir. 2019), cert. denied, No. 19-706, 2020 WL 283288 (U.S. Jan. 21, 2020) (plaintiff alleged concrete harm from the violation of BIPA).

As such, because the parties agreed to carve out injunctive relief, Plaintiff Stevens cannot be compelled to arbitrate the preliminary injunctive portion of this dispute (even if he had signed the arbitration agreement, which he did not).

Wherefore Plaintiff respectfully requests that the Defendant's Motion be denied.

Date: April 26, 2021                                    Respectfully Submitted,

                                                       By: /s/ David Fish
                                                       One of Plaintiffs' Attorneys

                                                       David Fish
                                                       dfish@fishlawfirm.com
                                                       Mara Baltabols
                                                       mara@fishlawfirm.com
                                                       THE FISH LAW FIRM, P.C.
                                                       200 East Fifth Avenue, Suite 123
                                                       Naperville, Illinois 60563
                                                       Tel: 630.355.7590
                                                       Fax: 630.778.0400
                                                       docketing@fishlawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served via ECM/CF filing system on April 26, 2021 to all counsel of record.

*/s/David Fish*
David Fish