IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KRYSTYNA HARE** and **MAURICE STEVENS** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**AMERICAN EAGLE OUTFITTERS, INC.** and **AE RETAIL WEST, LLC** and **AE CORPORATE SERVICES CO.**,<br><br>Defendants. | No. 21-cv-01062<br><br>Honorable Charles P. Kocoras<br><br>Magistrate Judge Maria Valdez |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiffs Krystyna Hare and Maurice Stevens ("Plaintiffs"), and Defendants American Eagle Outfitters, Inc., AE Retail West, LLC, and AE Corporate Services Co. (collectively, "Defendants") (collectively, "the Parties"), as set forth in the class action Settlement and Release Agreement, between Plaintiffs and Defendants (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.  Capitalized terms not otherwise defined in this Final Approval Order have the same meaning assigned to them in the Parties' Settlement Agreement.

2.  The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated January 4, 2024, and the Court-approved Notice of Class Action Settlement

1

("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC, to Settlement Class Members by direct mail and email where available. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. No Settlement Class Members submitted timely and valid requests for exclusion from the Settlement in accordance with the Notice procedures.

4. No Settlement Class Members submitted timely and valid objections to the Settlement in accordance with the Notice procedures. No objectors were present at the Final Approval Hearing.

5. The Court has read and considered the papers filed in support of this Order for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

6. The Court held a Final Approval Hearing on April 4, 2024, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

7. For settlement purposes only, the Court grants final certification of the class that the Court preliminarily certified for settlement purposes in its Preliminary Approval Order, a Settlement Class consisting of the following Subclasses:

> **Subclass A:** means All individuals who worked for Defendants in the State of Illinois and who enrolled in or used a fingertip scan point of sale system in connection with their work for Defendants from January 13, 2016 to January 13, 2021 and did not execute a Biometric Acknowledgment.
>
> **Subclass B:** means All individuals who worked for Defendants in the State of Illinois and who enrolled in or used a fingertip scan point of sale system in connection with their work for Defendants from January 13, 2016 to January 13, 2021 and executed a Biometric Acknowledgment.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request

for exclusion from the Settlement Class, and (3) the legal representatives, successors, or assigns of any such excluded persons.

8. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representatives and Settlement Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Amount as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties' counsel; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

9. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

10. The Court awards $12,873.00 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Settlement Amount as described in the Settlement Agreement.

3

11. The Court awards Settlement Class Counsel 1/3 of the Gross Settlement Fund ($700,000), in attorney fees, which equals $233,333.33, and $1,015.30 in litigation costs, which are payable from the Gross Settlement Amount as described in the Settlement Agreement.

12. The Court awards Settlement Class Representatives Krystyna Hare and Maurice Stevens $7,500 each as a Service Award, which is payable from the Gross Settlement Amount as described in the Settlement Agreement.

13. Upon the Effective Date, each Settlement Class Member who has not been excluded from the Settlement, shall be deemed to have granted the releases set forth in section 3 of the Settlement Agreement.

14. The Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiffs have, and the Settlement Class Members are deemed to have, knowingly waived the protections of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 which provides: ***A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.***

15. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors,

administrators, successors, and agents, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Plaintiffs and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

17. If the Settlement Agreement and the Final Approval Order and Judgment are reversed, vacated, or modified in any material respect, the Settlement Agreement and this Order and Judgment shall have no force or effect and will not be binding upon any Party. In any such event, the Parties shall be restored, without waiver, to their respective positions as of the date the Settlement Agreement was executed; the litigation shall proceed as though the Settlement Class had never been certified; and any amount paid by Defendants to fund the settlement shall be returned to the Defendants, less any costs incurred by the Settlement Administrator for issuing the Notice.

18. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendants or any of the Released Parties. The final

approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiffs, the Settlement Class Members, or Defendants.

19. This matter is dismissed with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against Defendants.

*Charles P. Kocoras*

_____

Charles P. Kocoras

United States District Judge

Date: April 4, 2024